# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR TWO EMAIL ACCOUNT(S) SERVICED BY 1&1 MAIL & MEDIA, INC FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 3512** | ML No. _____<br><br>**Filed Under Seal** |

*Reference:*   USAO Ref. # 182-61721-D00570; *Subject Account(s):*
**fotisandcraft@myself.com; alex.campbell@myself.com**

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement Between the United States of America and the Republic of Poland on the Application of the Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, U.S.-Poland, June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from Poland. The proposed Order would require 1&1 Mail & Media, Inc., an online service provider located in Chesterbrook, Pennsylvania to disclose subscriber and transactional records pertaining to the e-mail accounts **fotisandcraft@myself.com** and **alex.campbell@myself.com**, as identified in Part I of Attachment A to this application and the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to this application and the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d) (2012). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii) (2012); *see also* 18 U.S.C. § 3512(a)(2)(B) (2012) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) (2012) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

2. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1) (2012). This application to execute Poland's request has been duly authorized by an appropriate official of the Department of Justice, through the Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in the Poland in connection with a criminal investigation and/or prosecution.

---

[1] The Attorney General, through statutes and regulations, has delegated to the Office of International Affairs her authority to serve as the "Central Authority" or "Competent Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B (2014).

3.      1&1 Mail & Media, Inc. is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require 1&1 Mail & Media, Inc. to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (2012) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (2012) (Part II.B of Attachment A).

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."  18 U.S.C. § 2703(d) (2012).  Accordingly, the next section of this application sets forth specific and articulable facts that establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

RELEVANT FACTS

5.      Authorities in the Poland are investigating unknown suspects for fraud offenses, which they believe to have occurred between, and including, August 30, 2016 and September 6, 2016, in violation of the criminal law of Poland, specifically, Article 286 of the Criminal Code of Poland.  A copy of the applicable law(s) is appended to this application.  The United States, through the Department of Justice, Criminal Division, Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal investigation.  Under the Agreement, the United States is obligated to render assistance in response to the request.

6.     According to authorities in Poland, a person ("Victim") offered a boat for sale to one Gmina Mosina.  Mosina and Victim agreed by email that Mosina would pay approximately PLN 94,384 in exchange for the boat.  They exchanged emails between approximately August 30, 2016 and September 6, 2016 regarding the sale of the boat and Mosina used the email addresses **fotisandcraft@myself.com** and **alex.campbell@myself.com**

7.     Mosina represented to Victim that he had transferred Victim the money for the boat.  Victim delivered the boat as promised, and then discovered that the supposed transfer of money never posted to his bank account.  Victim was unable to recoup the boat and never received any payment for it.

8.     The e-mail accounts **fotisandcraft@myself.com** and **alex.campbell@myself.com** are owned by 1&1 Mail & Media, Inc.

## REQUEST FOR ORDER

9.     The facts set forth in the previous section establish that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, the records and other information will help authorities in Poland identify the individual or individuals who are responsible for the events described above, and/or determine the nature and scope of the individual's or individuals' activities.  Accordingly, the United States requests that 1&1 Mail & Media, Inc. be directed to produce all items described in Part II of Attachment A to this application and the proposed Order within ten days of receipt of the Order.

10.    The United States further requests that the Order direct 1&1 Mail & Media, Inc. not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for two years from the date of the Court's Order.

*See* 18 U.S.C. § 2705(b) (2012); 18 U.S.C. § 3512(a) (2012).  This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."[2]  *Id.*  In addition, this Court has the authority under 18 U.S.C. § 3512(a) to issue "such orders as may be necessary to execute a [foreign] request," including an order to protect the confidentiality of the foreign request here.  18 U.S.C. § 3512(a)(1) (2012).[3]  In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation in Poland, and evidence of the offense(s) may be on the subject's computer and/or at the subject's residence.  Since it would be easy for such subject to destroy any computer-based records or other physical evidence in his or her possession, disclosure of the requested Order at this time will seriously jeopardize the investigation.  It may also give the subject an opportunity to flee, change patterns of behavior, or notify confederates.

11.     Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation by giving the subject an opportunity

---

[2] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) (2012) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section").  Under § 2703(c), the government has no obligation to notify the subscriber.  *See* 18 U.S.C. § 2703(c)(3) (2012) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

[3] When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would insure reciprocity in response to U.S. requests for assistance in its criminal investigations. *See, e.g.*, 155 CONG. REC. H10,093 (2009) (statement of Rep. Schiff).  Section 3512, which codified past practice in relation to the execution of foreign requests for evidence, naturally encompasses the practice of maintaining the confidentiality of the foreign investigation, where possible.  *See, e.g.*, *In re Letter of Request from the Government of France*, 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation").

to destroy or tamper with evidence, flee, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2)-(3), (5) (2012).

12.     In addition, the two-year time period for preclusion of notice is reasonable. As explained above, these documents discuss an ongoing criminal investigation pursuant to foreign law in the requesting country. Foreign investigations are often lengthy, and the United States does not have ready access to the status of such investigations. Additionally, during the two-year time period, the United States will need to serve the production Order on 1&1 Mail & Media, Inc. and 1&1 Internet, obtain 1&1 Mail & Media, Inc. and 1&1 Internet's responsive documents, resolve any issues or questions regarding the production, and send the documents to the Central Authority for mutual legal assistance requests in Poland. Poland's Central Authority then will have to provide the documents to the prosecutor and/or investigator assigned to the particular matter, who will need time to review the information provided and pursue any investigative leads, prior to disclosure of the specific assistance sought by Poland's authorities to the account holder(s).[4]

13.     The United States further requests that the Court order that this application and any resulting Order be sealed for two years from the date of the Court's Order. As explained above, these documents discuss a foreign, ongoing, criminal investigation, and the prosecutor and/or investigator in Poland will need time to review the information provided and pursue any investigative leads prior to disclosure of the specific assistance sought by Poland's authorities to the general public. For these reasons, as well as the additional bases set forth in the preceding paragraph, the two-year time period also is reasonable with respect to the government's request

---

[4] With many foreign counterparts, the correspondence also may need to be translated into the recipient's language.

that this application and any resulting Order be sealed.[5]  *See, e.g.*, *In re Letter of Request from the Government of France*, 139 F.R.D. at 592.

                                        Respectfully submitted,

                                        JESSIE K. LIU
                                        UNITED STATES ATTORNEY
                                        D.C. Bar Number 472845

By: /s/
            LAUREN R. BATES
            Assistant United States Attorney
            D.C. Bar Number 975461
            555 4th Street, N.W.
            Washington, D.C.  20530
            Telephone: 202-252-7056
            Email:  Lauren.Bates@usdoj.gov

---

[5] When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would insure reciprocity in response to U.S. requests for assistance in its criminal investigations.  *See, e.g.,* 155 CONG. REC. H10,093 (2009) (statement of Rep. Schiff).  Section 3512, which codified past practice in relation to the execution of foreign requests for evidence, naturally encompasses the past practice of sealing foreign requests.  *See, e.g., In re Letter of Request from the Government of France,* 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation").

## **Relevant Provisions of Poland's Criminal Code**

*Fraud* – **Article 286**

Any person who, in order to gain financial benefit, commits fraud causing another person to disadvantageously administer his/her property or third party property, by misleading such person, or taking advantage of his/her mistake, or inability to properly understand the action undertaken, will be liable to imprisonment of 6 months to 8 years.

# ATTACHMENT A

## I. The Accounts

The Order applies to certain records and information relating to the e-mail Accounts **fotisandcraft@myself.com** and **alex.campbell@myself.com** and any preservation numbers associated therewith.

## II. Records and Other Information to Be Disclosed

1&1 Mail & Media, Inc. is required to disclose to the United States the following records and other information relating to each Account for time period between, and including August 21, 2016 through and until September 10, 2016:

   A. The following information about the customers or subscribers of each Account:

   1. Names (including subscriber names, user names, and screen names);
   2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   3. Local and long distance telephone connection records;
   4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   5. Length of service (including start date) and types of service utilized;
   6. Telephone or instrument numbers (including media access control ("MAC") addresses);
   7. Other subscriber numbers or identities (including the registration IP address); and
   8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

   B. All records and other information (not including the contents of communications) relating to each Account, including:

   1. Records of user activity for each connection made to or from each Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination IP addresses; and

2. Information about each communication sent or received by each Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination e-mail addresses, IP addresses, and telephone numbers).